## JAMES BRANN v. STATE.

No. A-8747. Nov. 23, 1934.
(37 Pac. [2d] 982.)

S. J. Montgomery and T. H. Haugh (Leslie W. Lisle, of counsel), for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. Plaintiff in error, hereinafter referred to as defendant, was convicted in the county court of Osage county of the offense of depositing salt and other deleterious substances in Bird creek, under section 11567, Oklahoma Statutes 1931, and his punishment fixed by the jury at a fine of $350.

Defendant was prosecuted by indictment, which was returned by a grand jury impaneled in the district court, but, the offense being a misdemeanor, the indictment was certified to the county court, where trial was had.

Numerous errors are set out and argued in defendant's brief, but for the purpose of this opinion it will only be necessary to pass upon his No. 10, in which he alleges:

"The evidence in this case is insufficient to support the verdict rendered therein and the verdict and judgment is not supported by the evidence."

The evidence of the state was that the lease in question was known as the "Enfisco Lease," which is located 25 miles northeast of the Pawhuska water reservoir; that defendant owned a ½ interest in the lease, his son a 1/32 interest, and the balance of the lease was owned by the Enfisco Oil Corporation; that between the Pawhuska reservoir and the Enfisco lease was a large number of other producing wells whose waste material went into Bird creek; that complaint had been made about salt water produced on the Enfisco lease and the city had called on defendant to take care of it; that an agreement was entered into whereby defendant was to drill a deep well and install some pumps and pump salt water into certain ponds upon the lease; that, in pursuance of that agreement, defendant did drill a well and install pumps and attempt to dispose of the salt water; that, complaint having been made to the Osage Agency that the Enfisco Oil Company was not taking care of the salt water, thereupon the agency shut the lease down and permitted the production of neither oil nor salt water for some time prior to the date of the offense alleged in the indictment; that a receiver had also been appointed for the lease in the federal court; that on or about the 28th day of May, 1934, certain dikes on the lease were cut and the salt water stored in the ponds allowed to escape; that the state offered no proof that defendant had anything to do with the cutting of the dikes nor releasing the water, nor did it offer any proof that any of the released water ever reached the Paw-

huska reservoir. In fact, the exhibits brought out by the state and its evidence show that there was no change in the condition of the water in the reservoir for 90 days prior to the time the offense was alleged to have been committed.

When the state rested, defendant demurred to the evidence and asked the court to advise the jury that the evidence was insufficient to support a verdict of guilty, which was denied by the court. Thereupon, defendant, testifying for himself, denied that he had anything to do with or knew anything about the cutting of the dikes, and that none of the salt water from his lease ever reached Bird creek. Other witnesses for the defendant testified that they had land below the lease and along Bird creek leased for pastures, and that any salt water that might have escaped from the Enfisco lease never reached the main creek, and that stock drank out of this creek below the lease, and that fish were caught there. At the close of the case, defendant renewed his demurrer to the evidence, which was overruled.

To support the verdict, the state must prove that defendant wrongfully, willfully, and unlawfully deposited or placed, or permitted to be deposited or placed, in Bird creek salt water or other deleterious substances and the water in the city reservoir was contaminated by the deposit from defendant's lease.

A careful examination of the record reveals no competent proof to support this charge. The cause is therefore reversed.

EDWARDS, P. J., and DAVENPORT, J., concur.